**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JAMES TURNIPSEED | : |
|     Plaintiff | : |
| v | :    Civil Action No. DKC-07-2089 |
| WARDEN | : |
|     Defendant | : |

o0o

## MEMORANDUM

On August 17, 2007, Defendant filed a Response to Show Cause Order. Upon consideration of the allegations raised therein, the court finds that further proceedings are warranted, but declines to grant injunctive relief at this time.

Plaintiff alleges that his removal from protective custody endangers his life because he has an enemy at JCI and the nature of his crime has been publicized, making him a target for assault by other inmates. Paper No. 1. Defendant submits the declaration of George Shahinian, Correctional Case Management Specialist at Jessup Correctional Institution (JCI). Paper No. 3 at Ex. 1. He states in relevant part that one of the enemies listed by Plaintiff, Joseph Gant, is currently incarcerated but "is housed in another JCI building" and there are no documented incidents between the two men. *Id*. He further states that Gant has not named Plaintiff as an enemy. *Id*. at Ex. 5. Mr. Shahinian fails to address the allegation that the circumstances of Plaintiff's conviction are well known among general population inmates. Rather, he simply states that he has not "advised others" about Plaintiff's criminal history and dismisses the concern because there are other inmates at JCI in general population who were convicted of similar offenses. *Id*. at Ex. 1. Mr. Shahinian further admits there is at least one person on Plaintiff's list of enemies who cannot be identified. *Id*.

Plaintiff may only be granted injunctive relief if he can demonstrate: (1) the likelihood he

will be irreparably harmed if emergency relief is denied; (2) the likelihood that Defendant will not be harmed if the requested relief is granted; (3) the likelihood that he will succeed on the merits; and (4) the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977). Plaintiff has presented a colorable claim regarding whether the decision to remove him from protective custody complies with Eighth Amendment standards. To the extent that Plaintiff has not submitted evidence that there is a strong likelihood he will be irreparably harmed if this court does not grant injunctive relief on his behalf, he has not established entitlement to that relief.

In his amended complaint, Plaintiff names additional Defendants. Paper No. 5. The Clerk will be directed to amend the docket to reflect the additional Defendants named. Plaintiff has also filed a Motion to Proceed In Forma Pauperis as well as a Motion for Appointment of Counsel. Papers No. 4 and 6. The Motion to Proceed In Forma Pauperis does not comply with the requirements of 28 U.S.C. § 1915(a). A certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined, must be filed. Accordingly, the Finance Officer at Jessup Correctional Institution (JCI) shall be directed to file a certificate. The certificate will reflect: (1) the average monthly balance in Plaintiff's account for the six-month period immediately preceding the filing of this Complaint and (2) the average monthly deposits to Plaintiff's account during that time.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*. Upon careful consideration of the motion and previous filings by Plaintiff, this court finds that he has demonstrated the wherewithal to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. Therefore, there are no exceptional circumstances at this time which would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1). His motion shall be denied without prejudice.

A separate order follows.

   October 9, 2007                                          /s/
Date                                                     DEBORAH K. CHASANOW
                                                           United States District Judge